UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Case No. 05-42508

DSC, LTD.,                                                Involuntary Chapter 7

    Alleged Debtor.                                  Judge Thomas J. Tucker
_____/

**OPINION REGARDING WHETHER PETITIONING CREDITORS FILED THE
INVOLUNTARY PETITION IN BAD FAITH**

    After a lengthy trial and after delivering a bench opinion on April 26, 2006, the Court entered an Order on April 26, 2005 (Docket #132) dismissing this involuntary bankruptcy case. In paragraph 2 of the Order, however, the Court retained jurisdiction for the following purposes:

> The Court retains jurisdiction to determine (a) whether to grant monetary relief under 11 U.S.C. §§ 303(i)(1) and/or 303(i)(2) to the Alleged Debtor, DSC, Ltd. and against any of the following: petitioning creditors Crown Enterprises, Inc. and Riverview-Trenton Railroad Company, and former petitioning creditor Prochemco, Inc.; and if so, the type(s) and amount(s) of such relief; and (b) whether to grant sanctions under Fed.R.Bankr.P. 9011 against the foregoing petitioning creditors and former petitioning creditor, and if so, the type(s) and amount(s) of such relief, on motion, if any, to be filed by the Alleged Debtor, DSC, Ltd.

(footnote omitted).

    The Order further stated, in paragraph 3, that:

> The Court will conduct a hearing on Friday, May 6, 2005 at 2:00 p.m. in order to deliver its ruling and bench opinion regarding whether petitioning creditors Crown Enterprises, Inc. and Riverview-Trenton Railroad Company filed the involuntary petition and/or the amended involuntary petition in bad faith within the meaning of 11 U.S.C. § 303(i)(2), and to discuss thereafter further proceedings as may be necessary to determine matters described in paragraph 2 above.

After the April 26, 2005 Order was entered, the May 6, 2005 bench opinion on the bad faith issue was adjourned, and a number of other events occurred. These include motions for reconsideration; an apparent settlement between the Alleged Debtor and Prochemco, Inc.; and an appeal by petitioning creditors Crown Enterprises, Inc. ["Crown"] and Riverview-Trenton Railroad Company ["Riverview"] to the United States District Court, which affirmed this Court's dismissal of the involuntary petition on March 28, 2006.[1]

The bad faith issue that was reserved by the April 26, 2005 bench opinion and Order remains pending for determination, and is the subject of this Opinion.

The Court has considered all the evidence presented at trial and the arguments of counsel for the parties on the issue, and now finds and concludes as follows:

1. The Alleged Debtor DSC, Limited failed to meet its burden of proving that either Crown or Riverview filed the involuntary petition or the amended involuntary petition in bad faith, within the meaning of 11 U.S.C. § 303(i)(2).

2. Neither Crown nor Riverview filed the involuntary petition or the amended involuntary petition in bad faith, within the meaning of 11 U.S.C. § 303(i)(2).

3. In filing the involuntary petition and the amended involuntary petition, the motives of Crown and Riverview were to use the bankruptcy case and bankruptcy process for legitimate, bankruptcy-related purposes, in a continuing effort to protect their rights and pursue their claims against the Alleged Debtor DSC, Limited and related persons and entities.

---

[1] The district court's opinion and order are on file in this case at Docket # 200. Crown and Riverview have appealed the district court's decision to the United States Court of Appeals for the Sixth Circuit, and that appeal remains pending (Sixth Circuit Case No. 06-1813.)

4. In filing the involuntary petition and the amended involuntary petition, Crown and Riverview each had a good faith belief that they had good grounds to obtain an order for bankruptcy relief against the Alleged Debtor.

5. While Crown and Riverview were ultimately unsuccessful, after trial, in prosecuting the involuntary case against the Alleged Debtor, when they filed the petition and the amended petition they had substantially more than a colorable basis to believe that they were qualifying creditors under 11 U.S.C. § 303(b)(1), that there would be enough qualifying creditors under 11 U.S.C. § 303(b)(1), and that the Court would enter an order for relief against the Alleged Debtor under 11 U.S.C. § 303(h).

Having found that Crown and Riverview did not file the involuntary petition or the amended involuntary petition in bad faith, the Court will schedule, by a separate notice, a scheduling conference. The purpose of this conference is to discuss what further proceedings may be necessary to determine the remaining matters described in paragraph 2 of the Court's April 26, 2005 Order, quoted above.

**Entered: October 13, 2006**

                                                    **/s/ Thomas J. Tucker**
                                                    **Thomas J. Tucker**
                                                    **United States Bankruptcy Judge**